ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

2006 JUL 24 PM 2: 23

DUBLIN DIVISION

CLERK L. Flanders
SO. DIST. OF GA.

| | |
|---|---|
| JON M. PUTNAM, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CV 305-015 |
| | ) |
| STAN SHEPARD, et al., | ) |
| | ) |
| Defendants. | ) |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

*Pro se* Plaintiff, an inmate at Johnson State Prison ("JSP"), in Wrightsville, Georgia, commenced this civil action pursuant to 42 U.S.C. § 1983. The matter is now before the Court on Defendants' motion for summary judgment. (Doc. no. 17.) Also pending is Plaintiff's motion to compel. (Doc. no. 21.) For the reasons stated more fully below, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion for summary judgment be **GRANTED**, that Plaintiff's motion to compel be **DENIED**, that a **FINAL JUDGMENT** be entered in favored of Defendants, and that this case be **CLOSED**.

I.  **BACKGROUND**

In his complaint, Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs--namely, that his "bowel muscles" are torn and need to be "surgically reconnected." (Doc. no. 1, p. 4.) According to Plaintiff, rather than treating his condition, Defendants have wrongfully classified him as a mentally ill inmate. (Id. at 5.) Consequently,

Plaintiff has sued: 1) the JSP Medical Director, Dr. Mary Alston ("Alston"),[1] 2) the JSP Mental Health Director, Charles Clarkson ("Clarkson"),[2] 3) Deputy Warden Stan Shepard ("Shepard"), and 4) Warden Timothy Ward ("Ward.").

Defendants have filed a motion for summary judgment, arguing that Plaintiff's claims are devoid of merit. (Doc. no. 17.) Defendants offer the following evidence. According to Defendants, Shepard and Ward are not medical professionals, but rather are prison supervisory officials who have had no involvement in Plaintiff's medical or mental health care. See Ward Aff., ¶ 3; Shepard Aff., ¶ 3. In fact, under Georgia Department of Corrections Standard Operating Procedure ("SOP") VH01-0002, Shepard and Ward are required to defer to the opinions of medical professionals in matters pertaining to medical and psychological care. Ward Aff., ¶ 4; Shepard Aff., ¶ 4; Defs.' Ex. K ("SOP VH01-0002").

As to Alston and Clarkson, Defendants deny that Plaintiff's medical care has been inadequate in any way. Prior to his arrival at JSP, Plaintiff was incarcerated at the Wheeler Correctional Facility ("WCF") in Alamo, Georgia. On January 15, 2003, after purportedly falling from his bunk, Plaintiff was seen at "sick call" for complaints of abdominal pain and constipation. Alston Aff., ¶ 5; Defs.' Ex. E,[3] p. 94. On January 21, 2003, a physician at WCF prescribed the laxatives Peri-colace and Metamucil for Plaintiff's constipation. Alston Aff., ¶ 6; Defs.' Ex. E, p. 94. Nevertheless, Plaintiff continued to receive medical treatment

---

[1] Alston is a medical doctor specializing in Internal Medicine. Alston Aff., ¶ 2.

[2] Clarkson is a mental health clinician who holds a Bachelor of Science in Psychology and Master's Degree in Behavior Counseling. Clarkson Aff., ¶ 2.

[3] Defs.' Ex. E is Plaintiff's entire inmate medical file.

2

for symptoms of pain and constipation until his transfer to JSP on March 25, 2003. Alston Aff., ¶ 7; Defs.' Ex. E, pp. 84-92.

Since Plaintiff's arrival at JSP, he has received near-constant medical care with regard to his gastrointestinal complaints. See generally Alston Aff.; Defs.' Ex. E. During this time, Alston has been his primary care physician. Alston Aff., ¶ 10. Soon after Plaintiff's arrival at JSP, Alston ordered diagnostic X-rays and recommended that a colonoscopy be performed. Id., ¶¶ 8, 11. On April 8, 2003, the X-rays were taken, but they revealed no intestinal abnormalities. Id., ¶ 11. On April 23, 2003, Plaintiff was taken to Augusta State Medical Prison so that he could receive a gastroenterology consultation and colonoscopy. Id., ¶ 14. During the colonoscopy, a polyp was discovered and removed. Id. A biopsy revealed "tubular adenoma." Id.; see also Defs.' Ex. 3, p. 69. Plaintiff was returned to JSP. Id., ¶ 13.

On May 16, 2003, another polyp was discovered and removed; this polyp was benign. Id., ¶ 15. As Plaintiff continued to complain of abdominal pain and gastrointestinal problems, Plaintiff continued to receive regular treatment from Alston, as well as a gastroenterologist. Id, ¶¶ 16-28. Plaintiff was also evaluated by a surgeon on July 28, 2004, who did not deem any additional treatment or surgery to be appropriate. Id., ¶ 28. Plaintiff's medical providers have diagnosed "Irritable Bowel Syndrome" and prescribed him Paxil and Bentyl (for intestinal spasms), as well as various stool softeners and laxatives. Id., ¶¶ 26, 30.

Notwithstanding this near-constant treatment, Plaintiff has continued to complain of feeling "swelling fluid inside," feeling "full," not being able to eat for "ten days," and having a "torn ligament" in his stomach. Id., ¶¶ 15-16, 18-19. Unsatisfied with his medical care,

Plaintiff has asked for a "second opinion" and threatened to start a "starvation diet." Id., ¶¶ 15, 21. According to Alston, Plaintiff's medical evaluations have been "unrevealing" and do not explain Plaintiff's continued complaints, which have grown more and more sensational over time. Id., ¶ 30. In fact, according to Alston, Plaintiff's physiological problems have responded nicely to the prescribed "treatment regimen." Id. Indeed, "no physical etiology has been found to substantiate [Plaintiff's] concerns." Defs.' Ex. B.

In light of Plaintiff's continued complaints notwithstanding his medical treatment, Alston discussed Plaintiff's case with SJP "Mental Health." Id., ¶¶ 19-20. Of note, Plaintiff had a history of mental health problems before his arrival at JSP. While incarcerated at WCF, Plaintiff was diagnosed with "Factitious Disorder with Physical Symptoms" on account of his "unshakable beliefs about physical disorder despite medical report to [the] contrary; unusual sensory experiences; [and] discomfort which [is] not related to medical/physical functioning." Clarkson Aff., ¶ 6. Until March 2003, Plaintiff received outpatient treatment for his mental health problems; however, at this time his condition worsened, resulting in a revised diagnosis of "Delusional Disorder, Somatic Type," and assignment to a "supportive living unit" so that he could receive inpatient care. Id.

Since his arrival at JSP, Plaintiff has been under the treatment of a team of mental health care professionals with includes a clinical psychologist, a psychiatrist, and Clarkson. Id., ¶ 8. Plaintiff's treatment team has performed a comprehensive psychological evaluation of Plaintiff and determined that Plaintiff has "Delusional Disorder, Somatic Type," "Anxiety Disorder," and "Personality Disorder" with "Obsessive-Compulsive" tendencies. Id., ¶ 11. Although Plaintiff has refused to take mental health medications in the past, he has been

prescribed Risperdal, an anti-psychotic, and Altarax, an anti-anxiety medication. Id., ¶¶ 9-10. He continues to receive treatment for his psychological problems.

In response to Defendants' motion for summary judgment, Plaintiff has filed a series of largely incoherent documents. (See doc. nos. 21, 23-25, 27-29.) Also of note, Plaintiff served a cross-motion for summary judgment, along with voluminous documents which purportedly support the motion, on Defendants, but he did not file the motion or the attached documents with the Court. The Court was apprised of these documents when defense counsel mailed them directly to the undersigned. For the purpose of the record, the Court has attached these materials to this Report and Recommendation as Exhibit 1.

Nevertheless, neither the documents Plaintiff served on Defendants nor those which he has filed with the Court cast any doubt upon the evidence submitted by Defendants. Lengthy discussion of Plaintiff's documents is unnecessary. It will suffice to say that, without proffering any real evidence aside from his own self-serving statements, Plaintiff argues that Defendants are liars and have fabricated the evidence in Plaintiff's medical files. (See, e.g., doc. no. 27, p. 21.) In his motion to compel, Plaintiff accuses Alston of "hiding" evidence and using "deception." (Doc. no. 21, p. 5.) Plaintiff's motion does not substantiate this claim nor identify any information which Defendants have failed to disclose. Finally, Plaintiff's filings do not provide the Court with any reason to suppose that Defendants or their counsel have tampered with, suppressed, or withheld any discoverable materials. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the motion to compel (doc. no. 21) be **DENIED**.

Having explained the pertinent background, the Court will now address the merits.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c.) Applicable substantive law identifies which facts are material in a given case.[4] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When seeking summary judgment, the movant must show, by reference to materials on file, that there are no genuine issues of material fact to be decided at a trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). If the burden of proof at trial rests with the *movant*, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*). On the other hand, if the *non-moving* party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial. Clark, 929 F.2d at 606-08 (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Merely stating that the non-moving party cannot meet its burden at trial is not sufficient. Clark, 929 F.2d at 608. Evidence presented by the

---

[4]The Court is mindful that for purposes of summary judgment, only disputes about material facts are important. That is, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

movant is viewed in the light most favorable to the non-moving party. Adickes, 398 U.S. at 157.

If the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Fed. R. Civ. P. 56. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255 (quoting Adickes, 398 U.S. at 158-59). A genuine issue of material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

**B.    Merits of Plaintiff's Claims**

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994)(internal citation and quotation omitted). Thus, "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eight Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (internal quotation omitted). Of note, this right encompasses proper psychiatric and mental health care. Steele v. Shah, 87 F.3d 1266, 1269 (11th 1996) ("In this circuit, it is established that psychiatric needs can constitute serious medical needs and that the quality of psychiatric care one receives can be so substantial a deviation from accepted standards as to evidence

deliberate indifference to those serious psychiatric needs.").

In the instant case, Defendants are entitled to summary judgment because Plaintiff has presented no evidence to support a claim that his Eighth Amendment rights have been violated. The Court does not doubt that Plaintiff sincerely believes that he has a serious medical problem that Defendants have wrongfully written off as the ravings of a mentally ill inmate. Unfortunately for Plaintiff, his dispute with Defendants regarding his diagnosis and course of treatment does not give rise to a cognizable claim under § 1983.

"[N]ot every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)(internal quotation and citation omitted). Indeed, the Eighth Amendment does not mandate that the medical care provided to a prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980)(Bowen, J.)). Only a showing of *deliberate indifference* gives rise to a constitutional injury. As the Supreme Court has explained:

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 105-06.

To survive Defendants' motion for summary judgment, Plaintiff must produce evidence from which a reasonable jury could conclude: (1) that Plaintiff had an objectively serious medical need, and (2) that Defendants acted with deliberate indifference to that need. Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004)  Thus, Plaintiff must offer some

8

proof that Defendants: (1) were subjectively aware of a serious risk to Plaintiff's health, and (2) that Defendants disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Id. In fact, the conduct complained of must constitute "'more than [gross] negligence.'" Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005).

In this regard, it should be recognized that the mere fact that a prisoner "may have desired [a] different mode[] of treatment" does not give rise to a claim for deliberate indifference. Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985). "Where a prisoner has received . . . medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments." Id. (citation omitted). Put another way, a mere difference in opinion between prison medical officials and the inmate as to the latter's diagnosis or course of treatment will not support a claim of cruel and unusual punishment. Harris, 941 F.2d at 1505; Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989).

Although the record demonstrates that Plaintiff has serious medical needs, it is also clear that he has received near-constant treatment for those needs. This is not a case in which prison officials have ignored a prisoner's obvious needs, rendered grossly inadequate care, unreasonably delayed in providing treatment, or deliberately chosen a less efficacious course of treatment. Simply put, based on the evidence presented, no reasonable juror could conclude that Defendants have behaved with deliberate indifference to Plaintiff's medical

needs. Defendants are entitled to judgment as a matter of law.[5]

## III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion for summary judgment (doc. no. 17) be **GRANTED**, that Plaintiff's motion to compel (doc. no. 21) be **DENIED**, that a **FINAL JUDGMENT** be entered in favored of Defendants, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 24th day of July, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5] Having determined that Plaintiff's claims lack merit, the Court need not explicitly address the balance of Defendants' arguments, which concern Plaintiff's apparent attempt to sue Shepard and Ward under a theory of *respondeat superior* (which is not a viable theory of recovery under § 1983, see Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978)) and whether Defendants are entitled to qualified immunity.