UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

JON PUTNAM,

    Plaintiff,

v.                             Case No. CV 305-15

TIMOTHY WARD *et al.*,

    Defendants.

## ORDER

Plaintiff Putnam, an inmate at Johnson State Prison, brings this pro se civil rights action pursuant to 42 U.S.C. §1983. Before the Court is Defendants' Motion for Summary Judgment (Doc. 17). The Magistrate Judge recommends granting Defendants' Motion for Summary Judgment (Doc. 30). After a careful, de novo review of the file, this Court concurs with the Magistrate Judge's Report and Recommendation, to which an objection has been filed. For the following reasons, this Court **GRANTS** Defendants' Motion for Summary Judgment.

## I. BACKGROUND

Plaintiff filed the current Section 1983 complaint and alleges that Defendants are deliberately indifferent to his serious medical needs. Plaintiff names as Defendants the warden and deputy warden,[1] medical director and mental health director at Johnson State

---

[1] Because this Court finds that Plaintiff has failed to show a genuine issue of material fact on his Section 1983 claim for deliberate indifference, Defendant Shepard's and Defendant

Prison where he is incarcerated.

Specifically, Plaintiff states that on January 13, 2003, he fell out of his bunk at Wheeler Correctional Facility and was diagnosed by prison medical personnel as having strained several bowel muscles. When Plaintiff was subsequently transferred to Johnson State Prison, he was experiencing constant pain in his bowels. Plaintiff requested medical attention, and he was seen by the medical personnel at Johnson State Prison. Plaintiff alleges that the medical personnel ran tests, but no physical ailment was diagnosed. Rather, medical personnel recommended treatment with the mental health department. Plaintiff alleges that he sought a second opinion because the prison medical staff did not run the proper tests. However, Plaintiff alleges that the prison did not allow him to seek a second opinion even though Plaintiff offered to personally finance the treatment. On July 16th, 2004, Plaintiff filed his Section 1983 action, alleging that his "bowel muscles" are torn and need to be "surgically reconnected."

Defendants filed the current motion for summary judgment on December 6th, 2005. Defendants argue that Plaintiff has failed to state a claim for deliberate indifference and they are entitled to judgment as a matter of law. In support of their motion, Defendants state that between March 26, 2003 and August 26, 2005, Plaintiff was seen by the prison's medical division on twenty separate occasions in response to Plaintiff's gastrointestinal

---

Ward's argument that respondeat superior is not a viable theory of recovery under Section 1983 is moot. Therefore, this Court declines to address Defendants' argument against respondeat superior.

complaints (Doc. 17 at 7). Defendants state that Plaintiff's medical attention included routine clinic visits, medication for constipation and intestinal spasms, a colonoscopy with polypectomy, laboratory evaluations, and evaluations by a gastroenterologist and a surgeon at Augusta State Medical Prison. Id. Plaintiff has been diagnosed with Irritable Bowel Syndrome, for which he continues to receive treatment and medication. Id. at 8. Defendants add that Plaintiff is currently being treated by the prison mental health department for a Delusional Disorder, Somatic Type.

The Magistrate Judge recommends granting Defendants' Motion for Summary Judgment and dismissing the current action. Through extensive analysis, the Magistrate chronicles Plaintiff's medical history, care and complaints at Johnson State Prison. The Magistrate notes that the record shows Plaintiff has received "near-constant medical care with regard to his gastrointestinal complaints." (Doc. 30 at 3.) Therefore, the Magistrate concludes that Plaintiff has failed to show a genuine issue of material fact to support his claim of deliberate indifference and that Defendants' Motion for Summary Judgment should be granted.

Plaintiff objects to the Magistrate's Report and Recommendation ("R&R"). (Doc. 32.) He enumerates several objections and states that several facts noted in the R&R were inaccurate. For example, Plaintiff states that he never threatened a starvation diet, and the colonoscopy was performed on a different date than mentioned in the R&R. He argues that the Defendants should perform different tests, such as an MRI, to rule out the possibility

of a torn bowel muscle. Plaintiff alleges that he even offered to personally finance the medical expenses of such tests. Plaintiff argues that the failure to run such tests constitutes deliberate indifference and urges the Court to deny Defendants' Motion for Summary Judgment.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment serves to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Fed. R. Civ. P. 56 advisory committee's note, cited in Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). It is appropriate only when the pleadings, depositions, and affidavits submitted by the parties indicate no genuine issue of material fact and show that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A court must view the evidence and any inferences that may be drawn from it in the light most favorable to the non-movant. Combs v. Plantation Patterns, 106 F.3d 1519, 1526 (11th Cir. 1997), cert. denied sub nom. Combs v. Meadowcraft Co., 522 U.S. 1045, 118 S. Ct. 685, 139 L. Ed. 2d 632 (1998) (citing Carter v. City of Miami, 870 F.2d 578, 581 (11th Cir. 1989)).

The party seeking summary judgment must first identify grounds demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Thompson v. Metro. Multi-List, Inc., 934 F.2d

1566, 1583 n.16 (11th Cir. 1991), cert. denied, 506 U.S. 903, 113 S. Ct. 295, 121 L. Ed. 2d 219 (1992). Such a showing shifts to the non-moving party the burden "to go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed R. Civ. P. 56(e)); Thompson, 934 F.2d at 1583 n.16. A non-movant does not create a genuine issue of material fact by relying on "conclusory allegations based on mere subjective beliefs." Plaisance v. Travelers Ins. Co., 880 F. Supp. 798, 804 (N.D. Ga. 1994), aff'd, 56 F.3d 1391 (11th Cir. 1995) (citing Carter, 870 F.2d at 585). Further, a "mere . . . scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).

## III. ANALYSIS

Defendants argue that they are entitled to summary judgment because Plaintiff has failed to create an issue of material fact on his claim for deliberate indifference. Defendants argue that the standard to state a claim for deliberate indifference is high, and Plaintiff has failed to rebut Defendants' evidence that Plaintiff received continuous and adequate medical care in response to Plaintiff's gastrointestinal complaints. Because Plaintiff has not shown a genuine issue of material fact, Defendants argue they are entitled

to judgment as a matter of law.

Plaintiff responds and argues that Defendants are deliberately indifferent to his serious medical needs. He states that he experiences constant pain in his bowels, constipation, and bloating. Plaintiff has requested medical attention, and he has been seen by medical personnel at Johnson State Prison. However, Plaintiff alleges that medical personnel did not run the proper tests, and that he has been mis-diagnosed as a mental patient. He concludes that Defendants have failed to show they are entitled to summary judgment, and he has properly stated a claim for relief under Section 1983.

Section 1983 provides judicial remedies to a claimant who can prove that a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. 42 U.S.C. § 1983.[2] The Eighth Amendment[3] mandates that prison officials provide medical care and "must take measures to guarantee the safety of inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal citations and quotations omitted). In Estelle v. Gamble, 429

---

[2] Section 1983 provides in relevant part that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . [or] in equity." 42 U.S.C. § 1983 (2005).

[3] The Eighth Amendment applies to states through the Due Process Clause of the Fourteenth Amendment. See U.S. CONST. amend. XIV (stating "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law"); Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989) (citing Robinson v. California, 370 U.S. 660 (1962)).

U.S. 97 (1976), the Supreme Court held that the Eighth Amendment[4] proscription against cruel and unusual punishment prevents prison personnel from subjecting an inmate to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. The Court cautioned, however, that not every allegation of inadequate medical treatment states a constitutional violation. Id. at 105.

Mere negligence in diagnosing or treating a medical condition is an insufficient basis for grounding liability on a claim of medical mistreatment under the Eighth Amendment. Id. at 106 (stating "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"). A Section 1983 claim, therefore, "does not lie if a prisoner's complaint is directed at the wisdom or quality of the medical treatment he received in prison, even if that treatment is so negligent as to amount to medical malpractice." Brinton v. Gaffney, 554 F. Supp. 388, 389 (E.D. Pa. 1983); see Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). Care received need not be "perfect, the best obtainable, or even very good." Harris, 941 F.2d at 1510 (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980)). Even where the inmate plaintiff's treatment is not as prompt as he or she would have wished, the fact that he or she received treatment generally defeats a claim of deliberate indifference. Wells v. Franzen, 777 F.2d 1258, 1264 (7th Cir. 1985). When an inmate has received medical care, "courts hesitate to find an Eighth Amendment violation." Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989).

---

[4] The Eighth Amendment provides "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII.

Analysis of a claim of deliberate indifference to a prisoner's serious medical needs has two components: (1) whether evidence of a serious medical need exists; (2) if a serious medical need exists, whether the defendants' response to that need amounted to deliberate indifference. Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989). In the current case, Defendants do not dispute that Plaintiff's medical needs are serious (Doc. 17-1 at 11). Plaintiff receives continuing medical treatment for Irritable Bowel Syndrome, as well as continuing mental health treatment for his diagnosis of Delusional Disorder, Somatic Type. Therefore, this Court must analyze the second component of a claim of deliberate indifference: whether Defendants' response to a serious medical need amounted to deliberate indifference.

This Court finds that Plaintiff has failed to create an issue of material fact for his claim of deliberate indifference. The facts of this case are analogous to the Supreme Court case of Estelle v. Gamble, 429 U.S. 97, 107 (1976). In Estelle, an inmate brought a Section 1983 claim against prison medical personnel for deliberate indifference to his serious medical needs. The inmate was seen and treated by the prison medical personnel for a back injury, among other complaints. The defendant doctors diagnosed his injury as a lower back strain and treated it with bed rest, muscle relaxants and pain relievers. Id. The inmate contended that more should have been done by way of diagnosis and treatment, and the Court of Appeals agreed that an x-ray of the inmate's lower back may have been appropriate. Id. However, the Supreme Court held that the inmate had failed to state a claim for deliberate

indifference. The Court explained that:

> the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court.

Id.

Like the Estelle plaintiff, Plaintiff Putnam has failed to state a claim for deliberate indifference. Deliberate indifference must amount to more than mere negligence. The Southern District of Georgia has previously held that medical care need not be "perfect, the best obtainable, or even very good," Harris, 941 F.2d at 1510, and when an inmate has received medical care, "courts hesitate to find an Eighth Amendment violation." Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989).

In the current case, Defendants provided evidence in their motion for summary judgment which showed that Plaintiff had received regular medical attention in response to his complaints. Inmate Putman was seen by the prison medical division on twenty separate occasions from March 26, 2003 to August 26, 2005. (Doc. 17 at 12, Doc. 19-1 at 3-7.) During this time, Defendants provided Plaintiff with physician visits, routine clinic visits, medication for constipation and intestinal spasms, a colonoscopy with polypectomy, a

laboratory evaluation, and evaluations by a gastroenterologist and a surgeon at Augusta State Medical Prison. (Doc. 19-1, at 3-7.) In her affidavit, Defendant Alston states that Plaintiff received appropriate examination and treatment for his gastrointestinal complaints. Id. Alston ordered an x-ray and a colonoscopy and evaluation by a GI specialist in an effort to properly diagnose and treat Plaintiff. Id. As a result of the evaluations and exams, Plaintiff was diagnosed with Irritable Bowel Syndrome. Alston then prescribed medicine to treat Plaintiff's Irritable Bowel Syndrome, and medical reports indicated that Plaintiff reported improvement with the medicine Bentyl. Id. Finally, a surgeon was consulted about Plaintiff's complaints. Id. The surgeon recommended medical management of Plaintiff's symptoms, but he did not recommend surgery. Id. In summary, like the Estelle case, Defendant prison medical personnel diagnosed Plaintiff in response to Plaintiff's complaints, and Defendants treated Plaintiff consistently. Therefore, under Estelle, Defendants have demonstrated in their motion for summary judgment that Plaintiff has failed to state a claim for deliberate indifference. Plaintiff's claims are more akin to a medical malpractice claim.

Once Defendants moved the Court and identified grounds demonstrating the absence of a genuine issue of material fact, the burden shifted to Plaintiff "to go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed R. Civ. P. 56(e)). But Plaintiff has provided no evidence to support his claim of deliberate indifference. Rather, Plaintiff states that he

"cannot give a great big sets [sic] of essential facts at this time to justify all his opposition." (Doc. 23 at 7.) Plaintiff alleges that an affidavit by an "expert free world doctor" would substantiate his claims, but Plaintiff has filed no such affidavit. Like the inmate in Estelle, Plaintiff argues that Defendants should have done more by way of diagnosis and treatment, including an MRI. However, Plaintiff's claim is substantially similar to the claim in Estelle, which the Supreme Court held amounted to a claim for medical malpractice, but failed to state a claim for deliberate indifference.

At most, Plaintiff has made the conclusory statement that Defendants were deliberately indifferent to his bowel problems and that Defendants fabricated medical reports and documents relating to his treatment by prison officials. Plaintiff, however, has provided no evidence in support of these allegations, and a non-movant does not create a genuine issue of material fact by relying on "conclusory allegations based on mere subjective beliefs." Plaisance v. Travelers Ins. Co., 880 F. Supp. 798, 804 (N.D. Ga. 1994), aff'd, 56 F.3d 1391 (11th Cir. 1995) (citing Carter, 870 F.2d at 585). The only evidence before the Court shows that Defendants provided medical attention and treatment for Plaintiff's complaints of bowel pain. Plaintiff has alleged deliberate indifference, but he has produced no evidence of deliberate indifference. Therefore, Plaintiff has failed to create an issue of material fact, and this Court finds that Defendants are entitled to summary judgment.[5]

---

[5] Because this Court finds that Plaintiff has failed to show a genuine issue of material fact on his Section 1983 claim for deliberate indifference, Defendants' claims for qualified immunity are moot. Therefore, this Court declines to address Defendants' argument for qualified immunity.

**CONCLUSION**

Defendants move the Court for summary judgment on Plaintiff's Section 1983 claim of deliberate indifference to serious medical needs (Doc. 17). This Court finds that Plaintiff has failed to show that there is a genuine issue of material fact on Plaintiff's claim of deliberate indifference and Defendants are entitled to judgment as a matter of law.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc. 17) is **GRANTED.** The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in favor of Defendants and **CLOSE** this case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel is **DENIED** as **MOOT** (Doc 21).

**SO ORDERED.**

Dated: September 15, 2006

JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE